# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE PETERS, | |
| Plaintiff, | NO. 19-CV-1119 |
| v. | (JUDGE CAPUTO) |
| GEICO ADVANTAGE INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

Presently before me is the Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 2) filed by Defendant GEICO Advantage Insurance Company ("GEICO"). Specifically, GEICO contends that the Complaint filed by Plaintiff Eugene Peters ("Peters") fails to set forth sufficient facts to support a claim for an alleged violation of Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371. Because Peters fails to state a bad faith cause of action, the motion to dismiss will be granted, but he will be given the opportunity to file an amended complaint to state a plausible bad faith claim.

## I. Background

The facts as alleged in the Complaint are as follows:

On June 8, 2017, Peters was operating his Jeep Patriot in an easterly direction on Jackson Street in Scranton, Pennsylvania. (*See* Compl., ¶ 5). At the same time, Luis Reyes was traveling in a southerly direction on Main Avenue in Scranton, Pennsylvania. (*See id*. at ¶ 6). Reyes failed to stop at a red traffic signal thereby striking Peters' vehicle and causing Peters to strike a parked vehicle. (*See id*. at ¶ 7). As a result of the accident, Peters suffered severe and permanent injuries, incurred medical expenses, and had his earning capacity impaired. (*See id*. at ¶¶ 7-8). At the time of the accident, Peters was insured under an automobile policy (the "Policy") issued by GEICO that included underinsured motorist coverage. (*See id*. at ¶¶ 11-13).

In December 2018, Reyes, through his insurer, offered the limits of his policy to Peters. (*See id*. at ¶ 9). The following month, GEICO gave permission to Peters to accept Reyes' offer, and GEICO also recognized Peters' underinsured motorist claim. (*See id*. at ¶ 10).

On January 18, 2019, Peters "made a written demand of underinsurance as supported by a medical report." (*Id*. at ¶ 14). The records "establish that the Plaintiff has suffered serious injuries" and "that the Plaintiff followed a course of treatment with a number of medical providers." (*Id*. at ¶ 15). Despite Peters fully complying with the terms and conditions of the Policy, GEICO has failed to pay the underinsured motorist claim. (*See id*. at ¶¶ 18-20).

Based on the foregoing, Peters filed a two-Count Complaint against GEICO in the Court of Common Pleas of Lackawanna County on June 6, 2019. (*See* Compl., *generally*). Therein, Peters asserts claims for breach of contract (Count I) and bad faith (Count II). (*See id*., *generally*).

GEICO removed the action to this Court on July 1, 2019. (*See* Doc. 1, *generally*). On July 3, 2019, GEICO moved to dismiss the bad faith claim in Count II of the Complaint. (*See* Doc. 2, *generally*). The motion to dismiss is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that

2

discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

GEICO seeks dismissal of the bad faith claim in Count II of the Complaint. (*See* Doc. 2, *generally*). Pennsylvania law allows an insured party to receive punitive damages and other relief if the insurer acts in bad faith toward the insured party. *See* 42 Pa. C.S.A. § 8371. Section 8371 states:

> § 8371. Actions on insurance policies
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

*Id*.

"[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364,

365 (Pa. 2017) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680 (Pa. Super. Ct. 1994)). However, "proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under Section 8371 . . . . While such evidence is probative of the second *Terletsky* prong, . . . the insurer's knowledge or recklessness as to its lack of a reasonable basis in denying policy benefits is sufficient. " *Id*.

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky,* 649 A.2d at 688-89. "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371 . . . ." *Rancosky*, 170 A.3d at 374. However, recklessness on the part of the insurer can support a finding of bad faith. *See id*.

Peters' allegations of bad faith consist of the following fifteen (15) averments:

> a. Failing objectively and fairly to evaluate Plaintiff's claim;
>
> b. Failing objectively and fairly to reevaluate Plaintiff's claim based on new information;
>
> c. Engaging in dilatory and abusive claims handling;
>
> d. Failing to adopt and implement reasonable standards in evaluation of Plaintiff's claim;
>
> e. Acting unreasonable and unfairly in response to Plaintiff's claim;
>
> f. Not attempting in good faith to effectuate a fair, prompt, and equitable settlement of Plaintiff's claim, in which the Defendant's liability under the policy had become reasonably clear;
>
> g. Subrogating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;
>
> h. Failing to promptly offer reasonable payments to the Plaintiff;

4

> i. Failing reasonably and adequately to investigate Plaintiff's claim;
>
> j. Failing reasonably and adequately to evaluate or review the medical documentation in Defendant's possession;
>
> k. Violating the fiduciary duty owed to the Plaintiff;
>
> l. Acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;
>
> m. Failing to make an honest, intelligent, and objective settlement offer;
>
> n. Causing Plaintiff to expend money on the presentation of his claim; and
>
> o. Causing the Plaintiff to bear stress and anxiety associated with litigation.

(Compl., ¶ 25).

GEICO's motion to dismiss the bad faith claim will be granted. Count II of the Complaint is premised on "bare-bones conclusory allegations which are not sufficient to state a bad faith claim." *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017). Averments nearly identical to these have been found to constitute "legal conclusions rather than factual allegations." *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *3 (M.D. Pa. Nov. 6, 2018). For one, allegations such as those in Subparagraphs (a), (b),(i) , and (j) have been held to be conclusory. *See id*. Similarly, the contentions in Subparagraphs (c), (e), (g), (h), (l), and (m) "regarding how Defendant handled the claim after receipt are conclusory without additional factual support that would inform the court why Defendants actions are unreasonable." *Id*. Likewise, the contention in Subparagraph (f) that Defendants acted in bad faith by "[n]ot attempting in good faith to effectuate a prompt, fair and equitable settlement" is "not only conclusory, but [is] circular and prove[s] nothing." *Meyers*, 2017 WL 386644, at *9. Finally, the allegations that Defendant failed to adopt "reasonable standards" and subordinated "the interests of its insured" to their own financial monetary interest are conclusory in the absence of supporting facts. *See*

5

*Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-77, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015); *see also Zinno v. Geico Gen. Ins. Co.*, No. 16-792, 2016 WL 5100540, at *2 (E.D. Pa. Sept. 19, 2016) (allegation that insurer prioritized its own interests over that of the insured is conclusory without additional factual support); *Northridge Village, LP v. Travelers Indem. Co. of Conn.*, No. 15-1947, 2016 WL 7428211, at *2 (E.D. Pa. Jan. 21, 2016) ("failure to adopt reasonable standards for prompt negotiation of claims and failure to follow its own internal policies" is a conclusory statement insufficient to plead a bad faith claim); *Sypeck v. State Farm Mut. Auto. Ins.*, No. 12-324, 2012 WL 2239730, at *3 (M.D. Pa. June 15, 2012) ("[f]ailing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim" is the type of allegation that does not state a bad faith claim).

When stripped of its legal conclusions, Peters thus pleads the following with respect to GEICO's purported bad faith: (1) he was in an accident on June 8, 2017 with a third-party tortfeasor; (2) the tortfeasor offered his policy limits to Peters in December 2018; (3) GEICO agreed to the acceptance of this offer in January 2019; (4) Peters made a written demand for underinsured benefits as supported by a medical report on January 18, 2019; and (5) GEICO has not settled or resolved the underinsured motorist claim. (*See* Compl., *generally*).

Such allegations do not state the necessary elements of claim for bad faith under § 8371. As the district court explained in *Pasqualino*, "[e]ssentially, Plaintiff's cursory allegations assert that Defendant[s] lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that Defendant[s] knew or recklessly disregarded [their] lack of a reasonable basis for denying benefits." *Pasqualino*, 2015 WL 3444288, at *5. "While such assertions perhaps suggest that a bad faith claim is possible, they do not allow for any non-speculative inference that a finding of bad faith is plausible." *Id.* (emphasis omitted). Thus, the bad faith claim as presently constructed does not meet the pleading requirements of *Iqbal* and *Twombly*.

Peters will, however, be given leave to amend. Although leave has not been requested and *sua sponte* leave is not required in non-civil rights cases in this Circuit, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) ("we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint"), it is not clear that an amendment would be futile. As such, in accordance with the dictates of Federal Rule of Civil Procedure 15(a)(2), Peters will be given the opportunity to file an amended complaint. Peters is reminded that if it elects to do so, the amended complaint must set forth facts, not merely conclusory statements, to support a bad faith claim.

### IV. Conclusion

For the above stated reasons, GEICO's motion to dismiss will be granted. The bad faith claim will be dismissed without prejudice to Peters filing an amended complaint within twenty-one (21) days to plead a plausible bad faith claim. Failure to do so will result in the dismissal of this claim with prejudice.

An appropriate order follows.

| | |
|---|---|
| August 14, 2019 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |